Steve Sadie for the petitioner appellant. In Vasquez v. Hillary the Supreme Court held that the Rule 7 was appropriately used to supplement and clarify facts that introduced no claim upon which the state courts had not passed. Was that decided before the amendment to 2254? Yes, it was. So it doesn't take that issue into account? It does not, but I do also It's not very persuasive authority. I believe that it is very persuasive authority because there has been no case that has addressed that and overruled it. And the same issues were directly addressed in Vasquez v. Hillary regarding respect and comity. So the same interests were clearly articulated by the Court and provided a basis for the opinion. And I think that the opinion is still directly on point on the question of supplementing and clarifying because in this case both claims were fully factually before the state courts. And that's what distinguishes it from Holland and from any other cases. If I could go straight to the sentencing issue, which I think is a very serious one. Here we had in the state post-conviction hearing a presentation of evidence. And the evidence, it was clearly alleged in the petition that he should have called this witness. The significance of the witness was clearly before the state court with the letter. And what did the letter say? The letter said that he had had two interviews. The letter said that he did not fit the usual profile of an antisocial personality disorder. And it, he said, in personal history, Mr. Smith was quite divulging of his past criminal record. On the other side of the coin during that same post-conviction proceeding, they presented the two affidavits from defense counsel at trial. In neither did he say one word, one syllable of justification for the disastrous failure to call the defense expert who was going to testify that he was not eligible for this huge increase in potential punishment. And as a consequence, then you look at what the prejudice was. Again, all this is straight before the state courts is you have the trial judge saying, well, he didn't have, it was incomplete. He didn't have the prison history. That is contradicted in the state court by the letter, which reflects what he would have testified to. So when we're looking at the affidavit, we see no new facts. It's simply clarifying and supplementing. For example, when he says that he would have testified, as he said in the letter, that he didn't fit the usual profile. That's not new. It's clarifying and providing further information, as a federal court should do in developing a federal constitutional right and making sure that it is fully understood. He says, here's the objective testing that I conducted. Well, in the letter, he says, I conducted objective tests. Is it going beyond the pale? Shouldn't the court have at least the discretion to consider that it was a Rorschach test and a thematic aptitude test in addition to the MMPI? And that he would have said that an MMPI is a useful tool. Well, why else would it be in the letter saying that he had done that? And most importantly, he says, I did know the criminal record, but he had already said that in the letter. And that had been submitted, which is certainly reasonable for the state court to have had all the facts necessary to grant relief. I think the court here, under these facts, can grant relief regardless of the affidavit. But the affidavit certainly is an appropriate way of clarifying and supplementing, not doing an end around the evidentiary hearing. Because in this case, the state post-conviction counsel did present the facts necessary for granting relief. This is supplementation. He did not fail. He exercised due diligence. The information was before the state post-conviction court. Well, if the evidence was before the state court, and all you're saying is we'd like to supplement those facts, how can you say that was a constitutional violation to deny him the right to supplement the facts that he already had before the state court? We're saying it was a violation of Rule 7 for the judge to conclude that he had no discretion to consider the affidavit. And that's our first claim, that the court can simply say, if the court determines that there was discretion that was not exercised, the court could simply send this case back to Judge King and say, you did have discretion because it was not doing an end run around the evidentiary hearing, that it was supplementing and clarifying appropriately under Rule 7. How was the request couched? It was attached as an exhibit to the memorandum in support of the petition on 1, and on the question on the Hill v. Lockhart, whether he would have gone forward, that clarifying. Again, we have the same argument in that situation. Was the request made for expansion of the record under Rule 7? Yes, it was completely litigated in the federal district court as a question under Rule 7, and many of the authorities that we have provided to this court regarding that were presented below. There has been some development with Holland, and I'd be glad to address that if the court wants to. Doesn't Rule 7 specifically limit itself to new evidence? No, I believe that Rule 7 is a fairly broad green light to discretion for the federal court to expand, to clarify, to go beyond what was before the state court in terms of presenting, and they presented a number of different ways, including affidavits, which is the form that it came in in this case. Okay. Didn't Holland seem to say that you have to proceed under 2254E2? No, it didn't. And I think that part of trying to get to understanding Holland goes to, there's a per curiam opinion, and it never mentions Rule 7. I was curious about that, so I went to the briefing, and interestingly, there's one mention of Rule 7, and that is in the state's reply brief where they point out that in Holland, the petitioner never asked the federal court under Rule 7 to expand the record to include this. What that involved was the comity interest in the state court being confronted with a motion in the nature of a new trial to present brand-new evidence that had never been presented in any way before. The state court said procedurally, we are not going to accept that. In Holland, they said, okay, if you haven't asked for an evidentiary hearing, and that this is something that outside of any other permission under the federal system to bring it in, we're going to respect the state court decision and not going to expand it. So, counsel, let me see if I understand your argument. We agree that 2254 is the statute, which the rule is sort of interpreting. Would you agree with that? What is the interplay between the rule and the statute? I think that Rule 7 is an independent basis for the federal court to exercise discretion in considering information. Let me ask you the question this way. If there were a conflict between the statute and the rule, which would govern? I believe they are both on even footing because they are both statutorily based, and I think that they can be reconciled and that they need to be reconciled. I'm not saying they can't be, but you're saying if there were a conflict, they would stand on equal footing and neither would trump the other? Yes. How would the conflict be resolved then? I think fairly easily, and that is that the cases that have expressed discomfort with using Rule 7 as a substitute for an evidentiary hearing is generally where there is absolutely no development of the case, like in Bragg and Baja, where the state petitioner in post-conviction sat on his hands, didn't develop the record, didn't provide any facts, and then all of a sudden comes into federal court and says, oh, I've got all these great facts. That's not what happened here, and that's not how Rule 7 under Vasquez applies. It applies in Vasquez, for example, where they said that there had been allegations about racial discrimination in jury paneling, and they developed under Rule 7 the specifics of how that worked. And they said, of course this is all right under Rule 7 because it's expanding and supplementing facts that were already before the state court. So there's discretion, and we uphold the exercise of discretion. That's why Vasquez v. Hillary is absolutely still good law and controlling in this circumstance because there is no cases saying that where the facts were presented to the state court, that all of a sudden we're applying this other rule. And in any case, there was due diligence exercise here. Even if we went to the Holland type of standard, he presented it, the basic information that they needed, and as I stated, that there is huge prejudice on the sentencing issue here. I'd like to just kind of briefly go to as part of the prejudice analysis here because having an expert being able to testify that you do not fit the psychological criteria for enhanced sentencing, I think is huge by itself. But this is also in the context of a case where there is no practical reason expressed for doing that, where the state's expert is basically saying, well, he looks like he's got a whole lot of prior convictions, and he's otherwise normal, so he must have a severe antipersonality disorder. That's not a psychological type of inquiry. So the prejudice is huge under any circumstances, under any standard. But we now have the new case of Warren from the Oregon Court of Appeals saying that the reasonable doubt standard is what applies in applying the statute, and it presents the interesting question of whether it should be under the preponderance or the reasonable doubt. I think he should prevail under either standard, but if we were to apply the preponderance, we would be bootstrapping into this habeas corpus proceeding the violation of the Fifth and Sixth Amendment rights. So I think he should apply Warren as a measure. Tell me again why you think in this view, in this case, 28 U.S. Code Section 2254, E1 does not apply, or E2? It does not apply because there was not a failure to present the claim, which is the premise for. The language says, okay, if you fail to develop the factual basis of a claim, if you fail to develop the factual basis of a claim, not the claim, but the factual basis for a claim. Now why isn't that true in this case? If the claim was discussed but not elucidated, then why isn't that a failure to develop the factual basis of the claim? I believe he did develop the factual basis of the claim as outlined because he presented the letter. The letter is what the testimony would be, and it is nothing more than what is elaborated in the affidavit. So the factual basis is there. I think that what is helpful is the language from Vasquez, which says that it is all right to use it, where introduced no claim upon which the state courts had not passed. All the other cases involved claims that the state court never had a. . . But that's different than the factual basis. We're looking at whether or not the factual basis of the claim was adequately developed below, and that's not. . . I don't think the. . . Go ahead. It doesn't have to be developed in a certain way. It just needs to be before the state court, and he did develop it before the state court. So why does it need the affidavit in the district court then? To clarify and supplement the same way it was used in Vasquez, and it's the responsibility of the federal courts to be defending these federal constitutional rights. They should at least have the discretion to say, if there is some area where there is doubt, where, for example, he said, I knew that I had the criminal record in front of me, and there's some question being raised about that, in federal court being clarified that that's indeed what they meant. That's just . . . It should not be blinding the federal judge to be able to at least have discretion to consider other matters. I would agree that if he offered the expert's affidavit for the first time at the habeas stage, he wouldn't be able to do that. And the distinction in your case is that there had previously been a letter which summarized that testimony, and now you wanted to put the live expert on, and you think that's not precluded by 2254. Rule 7, reading those two things together, that you're allowed to develop the matter that was already raised, whether he . . . and he did not . . . The Michael Williams Supreme Court case develops what it means to fail to develop, and it requires a substantial failure of due diligence, which did not happen here, because the basic facts were presented to the court the same way as in the Hill v. Lockhart issue, where they presented all the evidence. He took the stand and said, I was going to go to trial. This is what I wanted to do. There was no statement from the lawyer saying I had advised him about this motion. He said, you know, I'm looking at . . . the judge is telling me during the plea colloquy that I'm going to be dying in prison, and I wouldn't have wanted to exploit all of those opportunities before I'd entered into a plea. Well, if, as you say, the basic facts were already before the court, then why isn't this within the scope of discretion of the habeas court to refuse to expand the record? If he had exercised discretion, I would not be able to make these arguments. That's why the first point on appeal is saying that the court should remand it, because he said, I cannot. And that is just plain wrong. The federal courts should be empowered where there is not a prohibition to at least consider evidence of a federal constitutional violation. That's what is so important for the federal courts as providing this safeguard against convictions and long prison sentences that are premised on constitutional violations. Well, couldn't we uphold the ruling on the ground that there's no showing of prejudice because the same evidence had been presented to the court before? No, Your Honor. I think that the prejudice here is massive. The prosecutor just exploited it ruthlessly. He said, where's Dr. True? He's not here. They say, oh, well, it was only a partially elaborated report, says the judge. The judge says he didn't have access to the prison records. He didn't know that. He didn't have a real hearing. He's doing, he increases his maximum sentence from 20 to 30 years based on this hearing that is, the facts are just wrong. They are just plain wrong. I'm not sure that was Judge Sorger's question. I'm sorry. The material, the basic material was before the federal district court. You wanted to expand it. Yes. So could we get there on no prejudice by saying that the information was before the federal district court, whether you were allowed to proceed under Rule 7 or not? No, because that would be basically affirming a hypothetical opinion that has never occurred. We don't know that if Judge King felt that he could exercise discretion and did exercise discretion, he could have come out 180 degrees different on this case. And he should have. And I hope to have the opportunity to persuade him to do so. This is a case that he should have had that clearly in front of him and that with that information clarified and strengthened that he, I hope, would have come to a different result. And especially now that we have Warren saying that, you know, is there a reasonable doubt here? There's a huge doubt about whether there's any psychological condition whatsoever. The last issue that we've briefed is the uncertified issue. And there's a 28-J letter raising a question regarding that, the way in which it's raised. I believe it is. This is the way that the new Rule 22-1E says we're supposed to raise it. And this is a substantial issue. This issue reminds me so much of the recent experience with Bailey, Blakely, and Apprendi, where although there's not a lot of case law coming out in favor of that position, the position looks rock solid to me, and that is that under Tyler, the Supreme Court has already found that Malaney and Winship are retroactive. And since Apprendi and Blakely are clearly based on Winship and Malaney, under the Tyler calculation, they've already found that it's retroactive. And second, under Shryro, they said that under second C conception, this is a fundamental bedrock issue. But the difference being that in Shryro, a reasonable doubt standard was applied by the judge. Here, because a preponderance standard was applied, it fits both parts of the Teague analysis and should apply retroactively. If that happens, though, couldn't you do a second or successive petition if the law comes down the way you think it will? I think the standard would be that's ‑‑ I'm not sure, Your Honor. But you've got the problem, it seems to me, with Summerlin, because in Ring, the Supreme Court said only a jury can impose a death sentence. But in Summerlin, they said Ring was not retroactive. So why do you have sentencing issues that are retroactive in noncapital cases where they're not retroactive in capital cases? Because the rationale in Shryro was that, yes, there is a fundamental bedrock issue, pointed issue, but the reliability part of it was not met because we find that a judge's determination under those Arizona cases, beyond a reasonable doubt, provides sufficient assurance that the fact was that it was a reliable determination. Here, we don't have any finding beyond a reasonable doubt. We have all of the dangers of a preponderance standard when huge issues of liberty are at stake, which under Winship and Mulaney and Apprendi and all the rest say. What about the Cook case from the Ninth Circuit? Aren't we bound by that? Not at all, Your Honor. I believe that that case does not address the Shryro and under the Miller v. Gammie en banc decision, where the rationale underlying a decision, which that case was relying on Sanchez Cervantes. That was a great case. Which, as we point out in the reply brief, I believe has been superseded by the opinions in Shryro. I cannot say it's been superseded by the other cases because those preexisted, but the Shryro opinion is new rationale. In Sanchez Cervantes, the court said this is not a bedrock interest. In Shryro, they said this is a bedrock interest. So I think you have to take another look under Miller v. Gammie, because an intervening case has undercut the rationale of the earlier decision. I'm sorry. I want to ask you this one question. Yes. The district court judge declined to expand the record to consider Dr. True's affidavit, and he said he declined to do that due to petitioner's failure to make the requisite showing under U.S. Code section 2254E2. Are you saying that that statement by the district court judge was a statement that he lacked discretion? Yes, Your Honor, and I believe that he addresses that in two places in the opinion, and what he basically says is, I cannot expand the record. He said that about the statement from the defendant, but I'm not sure he said that about Dr. True's. I believe he was also referring, he made an internal reference in his opinion to both of those exclusions, and so I believe that that was a decision. I did not exercise discretion. I was compelled by statute not to allow it. All right. Thank you. May it please the Court, Carolyn Alexander for Respondent, Joan Palmatier. Before I address the issue of 2254E2, which is a crucial issue in this case, I think it's the overriding issue in this case, I'd like to clear up a factual misconception. In his reply brief, and here in argument, counsel says that petitioner is serving 10 years beyond the age of 60. He uses that allegation in his prejudice analysis regarding the sentencing claim. Petitioner is not serving 10 years over the statutory maximum sentence. As I noted in my reply brief, he is serving indeterminate sentences. These are not guideline sentences. The crimes were committed in 1987. He was sentenced in 1989, pre-guidelines. Under the matrix, the indeterminate sentencing system in Oregon, each count of rape in the first degree required or could have, the Court could have imposed a 10-year statutory maximum sentence for each count. So four counts of rape, four different victims, three different incidences. He could have been sentenced, regardless of the dangerous offender sentencing system, he could have been sentenced under the indeterminate sentencing scheme to a total of 80 years, 20 years for each count. Because there were three victims, four incidents, the Court could run those sentences consecutively. He could have served, been serving an 80-year sentence. The Court also could have imposed a 10-year minimum on each of those sentences for a total minimum sentence of 40 years. So in fact, even if he hadn't been sentenced as a dangerous offender, he could have received more time. Had the Court sentenced him under the indeterminate sentencing scheme without the dangerous offender enhancement, the Court easily could have imposed the same 60-year sentence, running three of them consecutively because there were three incidents, with the same 30-year minimum. So in evaluating the prejudice issue, I think factually you have to look at what the sentencing system was at the time and what petitioner could have received. Do you agree with opposing counsel's representation that the district court indicated that he did not have discretion to consider the statement from the doctor, the affidavit? No, Your Honor, I don't. Because I think what the district court said was, I declined to expand the record because he has not met the requirements of 2254E2. I think that is discretionary. I think what the district court was saying is, because he hasn't met the requirements of 2254E2, I declined to expand the record under Rule 7. But that assumes that 2454E2 controls. Correct. That's the underlying assumption. Correct. And that's the issue in this case. That is the issue in this case. I submitted a supplemental letter of authority after Holland v. Jackson was decided, which was after the briefing in this case. I think actually perhaps after my brief was filed but before counsel's reply brief was filed. I think Holland v. Jackson controls in this situation, and I think it answers this question and clarifies the argument here. What Holland v. Jackson says is, the same restrictions apply a fortiori when a prisoner seeks relief based on new evidence without an evidentiary hearing. But opposing counsel makes a distinction between Rule 7's application and 2254's application. Would you address that, please, and respond to his position that those are two separate statutory requirements and they can coexist? Well, yes, I will, exactly, Your Honor. If I could finish what Holland says because I think it clarifies that very issue. Now, it's true that the United States Supreme Court and this circuit hasn't addressed the issue specifically of whether 2254E2 trumps Rule 7. That issue has only been addressed by the Seventh Circuit. And the Seventh Circuit in Boyko v. Park said very clearly, the petitioner cannot use Rule 7 to secure the benefits that only subdivision 2254E2 can bestow. I think that's the correct result here. Rule 7 is a 1976 rule. Vasquez v. Hillary is a 1986 case, well before the 1996 amendments to the ADEPA. I've researched this issue extensively in other cases as well. I have not found a case specifically on point in this circuit or the United States Supreme Court that says a statute trumps a rule. I think that's a general principle of statutory construction, however. And when you turn to the United States Supreme Court's decision in Holland, I think it makes that clear because what Holland goes on to say is this. Excuse me, Your Honor, it is... 2738, I think. Yes, it is. Yes, thank you, Your Honor, it is. 688. Where new evidence is admitted, some courts of appeal have conducted de novo review on the theory that there is no relevant state court determination to which one could defer. So in other words, a petitioner submits new evidence. The state court hasn't had a chance to rule on that evidence because it's new. So some court of appeals have looked at that and said, okay, that's new. There's nothing to defer. Let's look at that de novo. So that's the situation that the Supreme Court is considering in Holland. Assuming, arguendo, that that analysis is correct and that it applies where, as here, the evidence does not support a new claim but merely buttresses a previously rejected one, it cannot support the Sixth Circuit's action. That's exactly the situation here. Petitioner raised this claim in post-conviction. Specifically, I'm referring to the sentencing claim, but both claims, the claim against counsel for failing to call Dr. True, the claim against counsel for failing to pursue the motion to suppress or advise him that the motion was meritorious. Both of those claims were raised in the post-conviction proceeding. He presented no evidence of what Dr. True would have said had he been called to testify. He presented no evidence that he would not have entered into this negotiated agreement had counsel told him about the motion to suppress and its merits. He presented no evidence. He had the opportunity. He had a trial in post-conviction. He presented none of that evidence. So in federal habeas, he raises exactly the same claims. And with his supporting memorandum, he doesn't attach it to the petition. In his supporting memorandum, he provides this affidavit from Dr. True. Two years after he files his amended federal habeas petition, he provides his own affidavit. That's exactly the situation in Holland. He's presenting new evidence that's buttressing a previously rejected claim by the state court. That Holland forbids. And should the court find that a district court has discretion under Rule 7 to consider that evidence anyway, it's an end run around 2254E2. It's an end run around the Supreme Court's decision in Holland. And it simply can't be they can't they simply can't coexist. It certainly exists. It must have some function. It's still in the book. Well, I think it does, Your Honor. And the Supreme Court addressed that issue in Williams v. Taylor, the second Williams, where they discussed 2254E2 and whether the petitioner was entitled to an evidentiary hearing. In that case, it involved a juror's misrepresentation in Vordier. She had had a relationship or knew the prosecutor and, I believe, a police officer in that case. Only she knew that. Only the prosecutor knew that. Only the police officer knew that. The petitioner didn't know that, had no way of knowing that, but found that out later after his post-conviction proceedings had passed. In that case, the court found the petitioner didn't lack due diligence. He had no way of knowing. He tried to investigate his claim. He tried to put on evidence, as much evidence as he could. But that's clearly not barred by 2254E2. Well, that's correct, and it's not barred by Rule 7. But what's left of Rule 7 if you enforce 2254E2? If the petitioner meets the requirements of 2254E2, then the district court can use its Rule 7 discretion. Don't need it. You're permitted to have an evidentiary hearing. It speaks for itself. That may be true. So, essentially, we're reading Rule 7 out of the book in your analysis. Well, I think they need to be read together. And I suppose that's one interpretation of that. But the other alternative is to read Rule 7 to allow the district court to do something that 2254E2 won't allow it to do. Now, what would that be? I'm sorry, Your Honor. I don't understand the question. What could the district court – what evidence could the district court consider under Rule 7 that it would not be able to consider under 2254E2? I don't think there is any. I think that the petitioner has to meet the requirements of 2254E2 before the district court can allow the evidence under Rule 7. So then there is no reason to read the two together if 2254E controls. I understand that. But I think the alternative is to read them disjunctively and allow an end run around 2254E2. I'm not sure how they would work together. So under your analysis, either one or the other must be negated. I think that's correct, Your Honor. I think that's correct. Rule 7 is an artifact of an earlier pre-2254E2 time. I think that's the problem. And they never got around to thinking or repealing it. I think that's exactly the problem, Your Honor. Do we know anything about the legislative history of Rule 7? I don't, Your Honor. I'm sorry. I can't address your question. One possible way to put them together, and I'm not saying this is correct, but reading E2 leading up to how you get an evidentiary hearing in that section, Rule 7 talks about record expansion. Correct. You could read them together by saying if you meet the requirements of E2, the court can use Rule 7 to expand the record without the necessity of an evidentiary hearing because that's what Rule 7 seems to deal with. Correct, although Holland says that the same requirements apply even when the district court doesn't order an evidentiary hearing. So under Holland, it's treated the same, whether there's an evidentiary hearing that's ordered or whether it's simply an expansion of the record. Would there be any circumstances where the evidence is not new and may fall under Rule 7 as opposed to 2254E? No, I agree with counsel that Rule 7 appears to include evidence that is not new because under B of Rule 7, it says the expanded record may include without limitation letters predating the filing of the petition, documents, exhibits. That was my question. If the evidence is not new, could it be dealt with under Rule 7 as opposed to Rule 2254, which deals only with new evidence? Yes, in fact, I think that's correct, and there is an example in this case. Petitioner also submitted, in addition to his own affidavit and the affidavit of Dr. True, he submitted the report and letter of Dr. Kolbeck, the state's expert at sentencing. And the state didn't oppose that. It was admitted into the record. It wasn't part of the state court. It was a part of the state court record. I don't believe it was part of the post-conviction proceedings. It was a part of the trial court record, however, and because it was part of the trial court record, we had no objection to that. So Rule 7 could be used. I think that's true. I think that is a good example of where Rule 7 could be used, and I assume that the district court did consider that evidence in coming to its decision. If I might, too, clear up a factual misunderstanding regarding that letter.  And Petitioner argues that that letter somehow, if I understood it correctly, encompassed the evidence in Dr. True's affidavit. That's incorrect. Dr. Kolbeck's letter, which is in, I believe it's, if I can find it here. It's in the excerpt of record, and I was just looking at it. Here it is. The excerpt of record at 394. Dr. Kolbeck says to Judge Bearden, the trial judge, I did receive and review the November 16, 1989 psychological test results of Dr. True. Apparently he differs from my opinion that this man is an antisocial personality. That has nothing to do with the evidence that's in Dr. True's affidavit. All Dr. Kolbeck is saying is that I looked at his report. He disagrees with me. I still think that Petitioner is an antisocial personality. That's all that letter said. Petitioner didn't present that evidence to the post-conviction court in any form. That is new evidence. I'd make another comment about State v. Warren. Again, I sent a response to Petitioner's supplemental letter of authority regarding State v. Warren. State v. Warren is a fairly recent state court case, court of appeals case, regarding the applicability of Blakely on dangerous offender sentencing. That was a direct appeal case. That case did not hold that Blakely is retroactive or that there would be any reason to assume that it would somehow apply in this case here. Regarding the uncertified issue, under Rule 22.1.F, the state has not responded to the uncertified issue, but would be happy to do that if the court issues a certificate of appealability and would like the state's position on the retroactivity of Blakely, especially Blakely and Apprendi. In the time I have left, I'd make a brief comment on the motion to suppress. Another confusing fact, I think, in Petitioner's reply brief is that he assumes that counsel did not advise Petitioner that the motion to suppress was meritorious. Petitioner himself conceded that counsel did tell him that there were defects in the motion to suppress, there were inaccuracies in the search warrant, there were inaccuracies in the affidavit, and that arguably, I mean, certainly the inference is he was prepared to litigate that motion to suppress and that there was a basis to do that. Petitioner also said that he was convinced that the victims couldn't identify him and that he apparently thought he could testify without being impeached by his prior convictions. That was the reason that he chose the negotiated settlement. The strength of these victims' identifications were overwhelming. Whether the motion would have been meritorious or not, it wouldn't really matter to the prejudice analysis because these victims would still have testified at trial. There's no argument to support a conclusion that those IDs would have been suppressed. The victim still would have testified. The in-court identifications they've already made were very strong. And Petitioner doesn't challenge the trial court's ruling that they were untainted. The last thing I would note is that the post-conviction court made many, many factual findings in this case that are whether or not the court's decision is entitled to deference, whether it got the Strickland standard right or not, I think doesn't matter. The factual findings still must be rebutted by clear and convincing evidence, and Petitioner hasn't done that. Post-conviction court found as fact that the motion to suppress would not have been meritorious. The post-conviction court found as fact that Petitioner failed to prove that had Dr. True testified at sentencing, there would have been a difference in the outcome of that proceeding, that he would have really received somehow a lesser sentence had Dr. True testified. Petitioner also conceded in the post-conviction proceeding that counsel told him, there are some problems with Dr. True's report, and it's inconclusive. And if you read the report, it is equivocal. And it appears from this record that counsel's decision not to call Dr. True was a strategic one, that had he called him, he would have been cross-examined, and probably to the detriment. The report was a positive report, and it appears from the record that counsel thought that was the best shot at convincing the court not to impose dangerous offender sentences. If the court has any other questions? Thank you, counsel. Thank you. We'll give you one minute for rebuttal. Thank you, Your Honor. The idea that 2254E2 repealed by implication the rules of under 2254 that have been in effect since 1976, USC 2246 and 2247, which also implement Rule 7, and that this is somehow a relic instead of a co-equal part of the statutory scheme, is simply not supported anywhere in any precedent. Holland never mentions Rule 7. The only Supreme Court authority on point directly adopts the position that we are asserting here, that where the basic information is in front of the State Post-Conviction Court, which it was in this case through the letter of Dr. True, that was in evidence before the State Post-Conviction Court, that exactly as in Vasquez v. Hillary, the court had discretion. I reviewed the court's opinion on page 9. They used, you cannot, and that's why the judge ruled against him. And on page 12. He said the petitioner cannot, not the judge cannot. The way I read that and the logic behind his opinion, which is that because of 2254E2 that he does not have discretion. Right, but that's a little, you're inferring that, but he never said I do not have discretion. That's why I asked you specifically that question. He said the petitioner cannot introduce the affidavit. He never said I cannot do it. I don't have discretion. That's a little different. I took it in this context to be the same thing. I would also suggest that if he were exercising discretion under Rule 7, that he would have articulated that he had the discretion but was declining to do so. He said I declined. He said I declined. Because he cannot present evidence in that form is how I read it. It's not as strong as yours, but I get your point. Thank you. Thank you. Thank you to both counsel for a case well argued. The case just argued is submitted for decision by the court. The next case on calendar for argument is L. Hakeem v. B.J. Wise. Thank you.
judges: T.G. Nelson, Rawlinson, Pollak